UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038-4502
(212) 545-4000
    Diane Windholz (DW 9806)
    Matthew A. Steinberg (MS 3979)

ATTORNEYS FOR DEFENDANT

---

JOSE R. LIMA,

                Plaintiff,

    -v.-

ADDECO and/or
PLATFORM LEARNING, INC.

                Defendant.

07 Civ. 6573 (DL) (RLE)

**ANSWER AND AFFIRMATIVE DEFENSES**

---

Defendant, Adecco USA, Inc. incorrectly named herein as Addeco ("Defendant Adecco"), by and through its undersigned attorneys JACKSON LEWIS LLP, respectfully submits the following Answer And Affirmative Defenses to Plaintiff's *Pro Se* Complaint ("Complaint") in the above-captioned action.

With respect to the unnumbered paragraphs contained within the first two pages of Plaintiff's Complaint, Defendant Adecco admits: (1) Plaintiff purports to bring this action alleging employment discrimination against Defendant Adecco pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"); and (2) federal question jurisdiction is conferred upon the Court by Title VII and 28 U.S.C. § 1331.

FIRST: Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "1" of Plaintiff's Complaint, except admits

that Plaintiff purports to reside at 2525 Morris Avenue, Apartment C-9, Bronx, New York 10468.

SECOND: Defendant Adecco denies each and every allegation set forth in Paragraph "2" of Plaintiff's Complaint, except Defendant Adecco (a) admits that it conducts business at 61 Broadway, New York, New York 10006, (b) avers that it maintains its principal place of business at 175 Broad Hollow Road, Melville, New York 11747, (c) denies knowledge or information sufficient to form a belief as to the current business address, if any, of Defendant Platform Learning, Inc. ("Defendant Platform"), and (d) avers that Platform's last known business address is 55 Broad Street, New York New York.

THIRD: Paragraph "3" of Plaintiff's Complaint sets forth statements of law and does not set forth factual allegations requiring a response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "3" of Plaintiff's Complaint, except admits that, from on or about November 20, 2004 through February 2, 2005, Plaintiff worked as an SES Instructor at I.S. 52 at 650 Academy Street, New York, New York 10034, and was payrolled for this work by Defendant Adecco.

FOURTH: Defendant denies each and every allegation set forth in Paragraph "4" of Plaintiff's Complaint, and avers that Defendant Adecco never unlawfully discriminated against Plaintiff because of his national origin or membership in any classification protected by law.

FIFTH: Defendant denies each and every allegation set forth in Paragraph "5" of Plaintiff's Complaint, and avers that Defendant never unlawfully discriminated against Plaintiff because of his national origin or membership in any classification protected by law.

SIXTH: Defendant denies each and every allegation set forth in Paragraph "6" of Plaintiff's Complaint, and avers that Defendant never unlawfully discriminated against Plaintiff because of his national origin or membership in any classification protected by law.

SEVENTH: Defendant denies each and every allegation set forth in Paragraph "7" of Plaintiff's Complaint, and avers that Defendant never unlawfully discriminated against Plaintiff because of his national origin or membership in any classification protected by law.

EIGHTH: Defendant denies each and every allegation set forth in Paragraph "8" of Plaintiff's Complaint, except denies knowledge or information sufficient to form a belief as to any alleged conduct by representatives of Defendant Platform about which Plaintiff did not report to Defendant Adecco.

NINTH: Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "9" of Plaintiff's Complaint, except avers, upon information and belief, that: (a) on or about February 10, 2006, Plaintiff filed a Verified Amended Complaint with the New York City Commission on Human Rights ("NYCCHR") (NYCCHR Case No. M-E-N-05-1016777-E) alleging, inter alia, Defendant Adecco discriminated against him based on his national origin, and (b) on or about February 21, 2007, the NYCCHR issued a Determination and Order After Investigation dismissing Plaintiff's administrative complaint in its entirety.

TENTH: Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "10" of Plaintiff's Complaint, except admits, upon information and belief, that Plaintiff dual-filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") (EEOC Charge No. 16F-

2005-00161) alleging, inter alia, Defendant Adecco discriminated against him because of his national origin.

ELEVENTH: Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "11" of Plaintiff's Complaint, except admits, upon information and belief, that Plaintiff dual-filed a Charge of Discrimination with the EEOC (EEOC Charge No. 16F-2005-00161) alleging, inter alia, Defendant Adecco discriminated against him because of his national origin.

TWELFTH: Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "12" of Plaintiff's Complaint, except admits, upon information and belief, that, on or about May 2, 2007, the EEOC adopted the NYCCHR's dismissal of Plaintiff's claims and issued him a Dismissal and Notice of Rights.

### AS AND FOR DEFENDANT ADECCO'S FIRST AFFIRMATIVE DEFENSE

THIRTEENTH: The Complaint fails, in whole or in part, to state any claim against Defendant Adecco upon which relief can be granted or for which the damages sought can be awarded.

### AS AND FOR DEFENDANT ADECCO'S SECOND AFFIRMATIVE DEFENSE

FOURTEENTH: At all times relevant hereto, Defendant Adecco has acted in good faith, and has not violated any rights which may be secured to Plaintiff under any federal, state, city or local laws, rules, regulations, codes or guidelines.

### AS AND FOR DEFENDANT ADECCO'S THIRD AFFIRMATIVE DEFENSE

FIFTEENTH: Plaintiff's claims alleging discrimination are barred, in whole or in part, and any recovery of damages is precluded, in whole or in part, because Defendant Adecco

exercised reasonable care to prevent and correct promptly any alleged discriminatory behavior.

### AS AND FOR DEFENDANT ADECCO'S FOURTH AFFIRMATIVE DEFENSE

SIXTEENTH: Plaintiff's claims alleging discrimination are barred, in whole or in part, and any recovery of damages is precluded, in whole or in part, because Plaintiff unreasonably failed to take advantage of Defendant Adecco's preventive or corrective opportunities or to avoid harm otherwise.

### AS AND FOR DEFENDANT ADECCO'S FIFTH AFFIRMATIVE DEFENSE

SEVENTEENTH: Plaintiff's claims for damages against Defendant Adecco are barred, in whole or in part, because he failed to mitigate his alleged damages.

### AS AND FOR DEFENDANT ADECCO'S SIXTH AFFIRMATIVE DEFENSE

EIGHTEENTH: Plaintiff's claims for punitive damages are barred due to Defendant Adecco's good faith efforts to comply with applicable federal, state, city and local anti-discrimination laws.

### AS AND FOR DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE

NINETEENTH: Pursuant to the prescribed amounts set forth in the Civil Rights Act of 1991, 42 U.S.C. Section 1981a, any punitive and compensatory damages to which Plaintiff may be entitled will be limited by the statutory maximum.

### AS AND FOR DEFENDANT ADECCO'S EIGHTH AFFIRMATIVE DEFENSE

TWENTIETH: Plaintiff's claims are barred, in whole or in part, pursuant to equitable principles including, but not limited to, the unclean hands doctrine.

### AS AND FOR DEFENDANT ADECCO'S NINTH AFFIRMATIVE DEFENSE

TWENTY-FIRST: Plaintiff's claims are barred, in whole or in part, pursuant to

the doctrines of waiver and estoppel.

### AS AND FOR DEFENDANT ADECCO'S TENTH AFFIRMATIVE DEFENSE

TWENTY-SECOND: Defendant Adecco reserves the right to add such other and further affirmative defenses which may be ascertained during the course of discovery in this action or otherwise.

WHEREFORE, Defendant Adecco respectfully requests the Court to:

a. Dismiss Plaintiff's Complaint in its entirety, with prejudice;

b. Deny each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;

c. Award Defendant the reasonable attorneys' fees and costs it incurs in defending this action; and

d. Grant Defendant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038-4502
(212) 545-4000

By: _____
Diane Windholz (DW 9806)
Matthew A. Steinberg (MS 3979)

ATTORNEYS FOR DEFENDANT
ADECCO USA, INC.

Dated: October 26, 2007
New York, New York

6

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2007, a true and correct copy of the foregoing Defendant's Answer And Affirmative Defenses To Plaintiff's Complaint was served upon Plaintiff *Pro Se* Jose Lima by placing said document in a properly addressed envelope and mailing it by Certified United States Mail to Plaintiff at his home address of record, located at 3525 Morris Avenue, Apartment C-9, Bronx, New York 10468.

_____
Matthew A. Steinberg, Esq.